# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DEBORAH M. YOUNG | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| ALICE BECK DUBOW, et al | : | NO. 09-5015 |

Goldberg, J.                                                                           August 2, 2010

## MEMORANDUM OPINION

Plaintiff, Deborah M. Young, pro se, has sued Philadelphia Court of Common Pleas Judge Alice Beck Dubow, officials at the Philadelphia Department of Human Services ("DHS"), and other individuals, alleging that her children were subjected to kidnapping and child abuse by virtue of a family court custody order. Defendants have filed motions to dismiss, which we grant because Plaintiff's claims are barred by the domestic relations exception and the Rooker-Feldman doctrine, as discussed below.

## I. FACTUAL BACKGROUND

On November 9, 2009, Plaintiff filed a pro se complaint against Judge Alice Beck Dubow, Angele Marie Parker, Cherel Ferrell, Anne Marie Ambrose, Karen R. Reynolds, Carla N. Gardner, and Mary Ann Taylor. While devoid of specific factual allegations, the complaint bases its claims on a family court order issued by Judge Dubow, which awarded custody of Plaintiff's children, Cameron and Briana Detwiler, to their father and paternal grandmother. According to the complaint, Judge Dubow issued an opinion and order on September 24, 2009, which "ordered kidnap for profit and prolonged child abuse of [] Cameron Detwiler and Briana Detwiler." (Complaint, ¶ 5).

The complaint also generally accuses the remaining defendants of contributing to the kidnap

and abuse caused by Judge Dubow's order. Defendants Ambrose, Reynolds and Gardner, who were all DHS employees, purportedly contributed to the kidnapping and abuse of Plaintiff's children by failing to manage the social workers on the case. The complaint additionally alleges that these defendants engaged in "slander, denial of due process, verbal abuse, destruction of evidence, defiance of subpoena for records[,] falsifying evidence and repeatedly willfully, deliberately prolonged the aggravated assaults, sexual and mental abuse of [her children]." (Complaint, ¶ 11).

With regards to Defendants Parker and Ferrell, who work for Methodist Kinship and provide child placement services for DHS, the complaint alleges that they similarly failed to manage the social workers assigned to Plaintiff's children. According to Plaintiff, this failure contributed to the kidnap and child abuse that resulted from Judge Dubow's order. Lastly, Plaintiff alleges that the children suffered abuse at the hands of Defendant Taylor, the children's paternal grandmother, who apparently left them unattended while they were in her custody. Plaintiff requests "return of kidnapped for profit victim Plaintiffs Cameron and Briana Detwiler to natural guardian victim Plaintiff Deborah M. Young." Plaintiff also requests $900,000 in punitive damages.

On December 17, 2009, Judge Dubow filed a motion to dismiss. In response, Plaintiff filed a document, which the Clerk of Court mistakenly docketed as an "Amended Complaint," but which responded to Judge Dubow's motion.[1] Based on this incorrect docket entry, Judge Dubow filed a second motion to dismiss. Defendants Ambrose, Gardner, Reynolds and Taylor joined in Judge Dubow's motion. On May 7, 2010, Defendant Parker filed her own motion to dismiss.

## II. STANDARD OF REVIEW

When ruling on a motion to dismiss, a court must accept the facts pleaded in the complaint

---

[1] In response to the Clerk of Court's error, Plaintiff filed a motion to correct the docket, (Doc. No. 8).

as true and construe them in the light most favorable to the plaintiff. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, a plaintiff must provide more than a formulaic recitation of a claim's elements that amounts to mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570).

On a motion to dismiss, a pro se complaint is held to a less stringent standard than a formal pleading drafted by lawyers, and it should only be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of [their] claim." Olaniyi v. Alex Cab Co., 239 Fed.Appx. 698, 699 (3d Cir. 2007) (citing McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996)).

### III. LEGAL ANALYSIS

#### A. Domestic Relations Exception

First, we find that Plaintiff's claims are barred by the jurisdictional domestic relations exception. The United States Supreme Court has stated that there is a domestic relations exception to federal jurisdiction. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). "[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees. Given the long passage of time without any expression of congressional

3

dissatisfaction [with this exception], we . . . reaffirm[] [its] validity . . . as it pertains to divorce and alimony decrees and child custody orders." Id. "Thus, while rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue . . . in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." Elk Grove Unified School District v. Newdow, 542 U.S. 1, 13 (2004).

Here, Plaintiff's complaint and allegations against all the defendants are wholly intertwined with her custody dispute, and thus is barred by the domestic relations exception. The complaint characterizes Judge Dubow's custody order as constituting a "kidnap" and causing the "abuse" of Plaintiff's children and alleges that the defendants' actions, including inter alia the slander and denial of due process, caused and contributed to this kidnapping and abuse. Thus, we understand Plaintiff's suit as simply an attack on Judge Dubow's custody order and as an attempt to alter it. Our conclusion is further evidenced by the fact that Plaintiff seeks the return of her children, as part of her requested relief. Therefore, we find that Plaintiff's claims are barred by the domestic relations exception to federal jurisdiction, and Plaintiff's complaint must be dismissed. See Bey v. Garcia, 2006 WL 1207980, *4-*5 (D.N.J. May 2, 2006) (dismissing pro se plaintiff's claims where the claims related specifically to child custody); see also Behr v. Snider, 900 F.Supp. 719, 725 (E.D. Pa. 1995) (holding that the court lacked jurisdiction because, inter alia, plaintiff was ultimately seeking to invalidate the state courts' custody decisions).

**B. Rooker-Feldman Doctrine**

This Court also lacks jurisdiction over this matter because the complaint seeks federal review of a state court judgment. Federal district courts lack subject matter jurisdiction to review challenges that are the functional equivalent of an appeal of a state court judgment. Marran v. Marran, 376 F.3d

4

143, 149 (3d Cir. 2004); see also, District of Columbia Court of Apeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Supreme Court has held that Rooker-Feldman applies where "state-court losers complain[] of injuries caused by state-court judgments rendered before the district court proceedings commenced and invite[] district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Under the Rooker-Feldman doctrine, a federal district court has no authority to review judgments of a state court where the losing party is complaining of injury from that judgment. Gary v. Braddock Cemetery, 517 F.3d 195, 201 (3d Cir. 2008). The Rooker-Feldman doctrine encompasses claims actually raised in state court and claims not raised but that are inextricably intertwined with the state court judgment. See Twenty-Eight Thousand Four Dollars v. Pennsylvania, 274 Fed.Appx. 122, 123 (3d Cir. 2008).

Here, Plaintiff has requested that we reverse Judge Dubow's custody order and return Plaintiff's children to her. This requested relief is precisely what we cannot do under the precedent outlined above. See White v. Supreme Court of New Jersey, 319 Fed.Appx. 171, 173 (3d Cir. 2009) (Rooker-Feldman bars a request to nullify a state court ruling). The Pennsylvania appellate courts were the proper forum in which to address Plaintiff's claims. In re Knapper, 407 F.3d 573, 581 (3d Cir. 2005). Therefore, under the Rooker-Feldman doctrine, we have no jurisdiction to hear Plaintiff's case. See McCurdy v. Esmonde, 2003 WL 223412, at *7 (E.D.Pa. Jan. 30, 2003) (Rooker-Feldman barred Section 1983 action in connection with child support proceedings); Carpenter v. Pennell School Dist. Elementary Unit, 2002 WL 1832854, at *3 (E.D.Pa. Aug. 9, 2002)

(Rooker-Feldman barred suit seeking reversal of state custody decree).[2]

**C. Judicial Immunity**

Even if Plaintiff's suit was not barred by the domestic relations exception and the Rooker-Feldman doctrine, her claims against Judge Dubow would be barred by judicial immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9, 12 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-357 (1978). All of the allegations against Judge Dubow relate to actions she took in her capacity as judge, and Plaintiff has not alleged that Judge Dubow acted in a clear absence of jurisdiction. Therefore, Plaintiff's allegations against Judge Dubow would also fail by virtue of judicial immunity.

**D. Failure to State a Claim**

Even if Plaintiff's claims were not barred by the domestic relations exception, the Rooker-Feldman doctrine, and judicial immunity, Plaintiff's complaint would be dismissed because she failed to adequately plead a cause of action. As stated above, under Iqbal, a Plaintiff must allege sufficient facts such that Plaintiff's claim is plausible. Iqbal, 129 S.Ct. at 1949. Here, Plaintiff's claims consist of conclusory allegations with minimal factual support. With regards to Plaintiff's claims of kidnap, child abuse, personal injury, slander, denial of due process, verbal abuse,

---

[2] It appears that Plaintiff appealed Judge Dubow's order and that on March 5, 2010, the Pennsylvania Superior Court dismissed that appeal.

6

destruction of evidence, and defiance of a subpoena for records, falsifying evidence and assault, Plaintiff has not offered any factual allegations. Likewise, Plaintiff's claims of civil rights violations are not supported by any factual allegations. Lastly, Plaintiff's claim under the Crime Victim's Rights statute, 18 U.S.C. § 3771, is not proper, as that statute does not create a cause of action for damages. See 18 U.S.C. § 3771(d)(6). Thus, Plaintiff's claims would be dismissed for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss shall be granted. Our Order follows.